IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES GIPSON,                          §
                                       §
                    Plaintiff,         §
                                       §   Civil Action No. 3:12-CV-0648-D
VS.                                    §
                                       §
BAYLOR HEALTH CARE SYSTEM,             §
                                       §
                    Defendant.         §

MEMORANDUM OPINION
AND ORDER

        In this action alleging race discrimination, in violation of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, defendant's motion for summary

judgment turns on whether the court should defer considering the motion under Fed. R. Civ.

P. 56(d). Concluding that plaintiff has failed to demonstrate that the motion should be

deferred, and that, absent deferral, plaintiff has failed to adduce evidence that establishes a

*prima facie* case of race discrimination, the court grants defendant's motion and dismisses

this case by judgment filed today.

I

        Plaintiff James Gipson ("Gipson"), who is African-American, was employed as a

Patient Care Assistant by defendant Baylor Health Care System ("BHCS") beginning in

August 2011. In December 2011 BHCS began investigating an incident involving Gipson

and other BHCS employees. Two female employees reported that Gipson had made

inappropriate comments and gestures towards them in the workplace. The investigation also

disclosed that Gipson had problems performing his duties and taking direction.  Gipson was

suspended for poor work performance and inappropriate conduct while the investigation

continued.  Shortly thereafter, he was terminated for his reportedly inappropriate conduct.

Following his termination, Gipson filed a charge of discrimination with the Equal

Employment Opportunity Commission, which issued a dismissal and notice of rights.  He

then filed the present suit alleging that BHCS terminated his employment based on his race,

in violation of Title VII.  BHCS moves for summary judgment.  Gipson opposes the motion.

II

Title VII makes it unlawful "for an employer to fail or refuse to hire or to discharge

any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's

race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  "The Title VII

inquiry is whether the defendant intentionally discriminated against the plaintiff." *Roberson

v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004) (internal quotation marks and

citations omitted).  To prevail on his Title VII claim, Gipson must present direct or

circumstantial evidence that his race was a motivating factor for BHCS's adverse

employment action. *See, e.g., Siddiqui v. AutoZone W., Inc.*, 731 F.Supp.2d 639, 648 (N.D.

Tex. 2010) (Fitzwater, C.J.).  "'Direct evidence is evidence that, if believed, proves the fact

of discriminatory animus without inference or presumption.'" *West v. Nabors Drilling USA,

Inc.*, 330 F.3d 379, 384 n.3 (5th Cir. 2003) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309

F.3d 893, 897 (5th Cir. 2002)) (age discrimination case).  "If an inference is required for the

- 2 -

evidence to be probative as to [a defendant's] discriminatory animus in firing [plaintiff], the evidence is circumstantial, not direct." *Sandstad*, 309 F.3d at 897-98.

Because, as the court explains below, Gipson has not presented direct evidence of discrimination, the court applies the "modified *McDonnell Douglas* approach." *Siddiqui*, 731 F.Supp.2d at 650 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Under this approach, Gipson must first establish a *prima facie* case of discrimination by demonstrating that he "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks and quotations omitted). If Gipson establishes a *prima facie* case, the burden shifts to BHCS to articulate a legitimate, nondiscriminatory reason for the adverse employment action taken. *Mesa v. Verizon Network Servs. Inc.*, 2012 WL 3452696, at *3 (N.D. Tex. Aug. 14, 2012) (Fitzwater, C.J.) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993)). "[This] burden is one of production, not of proof[.]" *Id.* (citing *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003)). If BHCS meets its burden of production, the burden shifts back to Gipson to present evidence that would enable a reasonable jury to find either (1) that BHCS's reason is not true and is instead pretextual; or (2) that BHCS's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is Gipson's protected characteristic. *Rachid*, 376 F.3d at 312.

III

A

Because Gipson will bear the burden of proof on his claim at trial, BHCS can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once BHCS does so—as it has done here—Gipson must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Gipson's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Gipson's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if Gipson fails to meet this burden.  *See Little*, 37 F.3d at 1076.

B

Rather than address the merits of BHCS's motion, Gipson argues that he "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory decision." P. Resp. 3.  He maintains that, "since discovery has not been completed, [he] has not been given a full and fair opportunity to establish by competent evidence a *prima facie* case for racial discrimination." *Id.*  This is an improper request to defer summary judgment and obtain discovery.  Gipson should have moved for this relief

- 4 -

under Rule 56(d) and complied with the requirements of that rule, which provides :

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Even if the court treats Gipson's response as a Rule 56(d) motion, however, he has not shown that the court should defer consideration of BHCS's motion and allow additional discovery. Rule 56(d) functions as a safe harbor offering relief "where the nonmovant has not had a full opportunity to conduct—not to complete—discovery." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2012 WL 3887059, at \*2 (N.D. Tex. Sept. 7, 2012) (Fitzwater, C.J.) (citations omitted). To obtain this relief, "'a party must indicate to the court by some statement . . . why [it] needs additional discovery and how the additional discovery will create a genuine issue of material fact.'" *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). A nonmovant is not entitled to a continuance if he "fail[s] to explain what discovery [he] did have, why it was inadequate, and what [he] expect[s] to learn from further discovery," *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)), and instead gives only "vague assertions of the need for additional discovery," *id.* (citing *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136-37 (5th Cir. 1987)).

The court declines to defer consideration and allow additional discovery because

- 5 -

Gipson has not attached the required affidavit or declaration or made the showing that Rule 56(d) requires.   The thrust of Gipson's argument is simply that he has not completed discovery and that BHCS has withheld information about its "policies as well as information about individuals similarly placed and the extent to which they received discipline."  P. Br. 3.   But it is well settled that discovery need not be complete for the court to rule on a summary judgment motion.  *See, e.g., McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) ("Rule 56 does not require that discovery take place before granting summary judgment.").   And Gipson has failed to demonstrate why the discovery he has already obtained is inadequate, or to identify what he expects to find through further discovery that will allow him to establish a *prima facie* case.   Furthermore, BHCS contends that it has responded to Gipson's discovery requests and produced relevant documents, and that its employees were scheduled to be deposed over six months prior to when Gipson filed his request for a continuance, but that Gipson canceled and has not rescheduled the depositions.   Without an affidavit or declaration specifying the additional discovery needed and why the current discovery is inadequate, and without an adequate response to BHCS's assertion that Gipson did not diligently seek discovery, the court declines to grant a Rule 56(d) continuance.  *See, e.g., Finley v. Fla. Parish Juvenile Det. Ctr.*, 2013 WL 1344576, at *6 (E.D. La. Apr. 3, 2013) (denying Rule 56(d) motion because nonmovant did not "support[] his request . . . with any affidavit or declaration setting forth specific facts that he expects discovery to reveal," and because nonmovant "was dilatory in pursuing discovery") (emphasis omitted).

IV

Because Gipson has not responded to BHCS's motion on the merits, he has failed to establish a *prima facie* case of discrimination. As stated above, to establish a *prima facie* case of discriminatory termination, Gipson must show that he was replaced by someone outside the protected class, or, in the case of disparate treatment, show that others similarly situated were treated more favorably. *Okoye*, 245 F.3d at 512-13. Not only has Gipson failed to provide any evidence demonstrating that he was replaced by someone of another race or that he was treated differently on account of his African-American race, BHCS has produced evidence that Gipson was replaced by an African-American employee and that approximately one-half of the persons in the department who hold Gipson's former position are African-American. The court therefore concludes that Gipson has failed to establish a *prima facie* claim for discrimination under Title VII.[*]

---

[*]The court determines that Gipson has not established the fourth element of a *prima facie* case because this is the issue briefed. But it notes that, because Gipson has failed to attach any evidence to his response, he has also failed to establish any of the four elements necessary for a *prima facie* case.

*    *    *

For the reasons explained, the court grants BHCS's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

April 30, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE